Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| EL PUEBLO DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>JESÚS MANUEL ALVARADO MERCADO<br><br>Peticionario | TA2026CE00616 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Crim. Núm.: ISCI202500233-234<br><br>Sobre:  Arts. 6.09 y 6.022 Ley Núm. 168-2019 |
|---|---|---|

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Marrero Guerrero, Juez Ponente

### RESOLUCIÓN

En San Juan, Puerto Rico, a 23 de junio de 2026.

Comparece el Sr. Jesús Manuel Alvarado Mercado (señor Alvarado Mercado o peticionario) y solicita la revisión de dos Resoluciones emitidas el 31 de marzo de 2026, notificadas el 7 de abril, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez ("TPI").[1]  En dichas determinaciones el foro primario rechazó conceder la solicitud de ciertos documentos solicitados por la representación legal del peticionario relativos a la celebración de una vista de determinación de causa probable para arresto en alzada en ausencia del señor Alvarado Mercado.  Ello, luego de que el 15 de diciembre de 2025 se celebrase una vista de determinación de causa probable para arresto en presencia del peticionario, quien estuvo acompañado por su representación legal, se determinara no causa, y ante solicitud del Ministerio Público, posteriormente se celebrase una vista causa probable para arresto en alzada, en ausencia del señor Alvarado Mercado y sin que se notificase a su representante legal.

---

[1] Anejos 2 y 3 del Apéndice en SUMAC-TA.

Por los fundamentos que se exponen a continuación, denegamos la solicitud del peticionario.

-I-

Son varias las mociones presentadas por la representación legal del peticionario adjudicadas por el TPI y que dan origen al recurso que nos ocupa. En la primera de estas, se solicitó al TPI que ordenase al Ministerio Público notificar la moción en solicitud de vista de causa probable en alzada presentada por el Ministerio Público. En la segunda moción se solicitó que se ordenase la notificación de la orden de citación de 9 de enero de 2026. En el tercer escrito, el señor Alvarado Mercado peticionó la notificación de la orden de 9 de enero de 2026. En la cuarta comparecencia, requirió la notificación de las notas y resolución del Tribunal del 13 de febrero de 2026. En la quinta moción, solicitó que se le notificara la orden de señalamiento del tribunal para la antedicha fecha. Finalmente, en la sexta moción solicitó que se ordenase al Ministerio Público notificar cualquier otra resolución u orden emitida por el Tribunal que no hubiera sido solicitada expresamente, argumentando ninguna de las actuaciones le fueron notificadas.

Ante las determinaciones recurridas, el peticionario solicita la revocación de las mismas y que declaremos "nulo, inválido y contrario a derecho todo lo actuado con posterioridad a la determinación inicial de no causa probable para arresto emitida el 15 de diciembre de 2025, incluyendo la celebración de la vista de determinación de causa probable para arresto en alzada celebrada en ausencia del peticionario y sin notificación a su abogado de récord, y que de entenderlo necesario ordenásemos la celebración de una nueva vista de determinación de causa probable para arresto en alzada.[2]

---

[2] Págs. 25-26 de la petición de *certiorari*.

-II-

En su comparecencia el señor Alvarado Mercado formuló los siguientes señalamientos de error:

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NEGARSE A DEJAR SIN EFECTO LA DETERMINACIÓN DE CAUSA PROBABLE PARA ARRESTO CELEBRADA EN AUSENCIA DEL PETICIONARIO, SIN NOTIFICACIÓN A SU ABOGADO DE RÉCORD Y SIN QUE SURGIERA DEL EXPEDIENTE JUSTIFICACIÓN VÁLIDA ALGUNA PARA PROCEDER EN AUSENCIA, EN VIOLACIÓN A LA REGLA 6 DE PROCEDIMIENTO CRIMINAL Y AL DEBIDO PROCESO DE LEY.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL CONVALIDAR UN PROCEDIMIENTO DE REGLA 6 EN ALZADA SIN EXISTIR EVIDENCIA DE DILIGENCIAMIENTO EFECTIVO DE LAS ÓRDENES DE CITACIÓN EXPEDIDA CONTRA EL PETICIONARIO, CONSTANDO EN EL EXPEDIENTE CERTIFICADOS DE DILIGENCIAMIENTO EN BLANCO, SIN FECHA, SIN IDENTIFICACIÓN DE LA PERSONA NOTIFICADA Y SIN FIRMA DEL DILIGENCIANTE.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR "NO HA LUGAR" LA MOCIÓN DE RECONSIDERACIÓN PRESENTADA POR LA DEFENSA, SIN ATENDER LOS PLANTEAMIENTOS SUSTANTIVOS SOBRE LA FALTA DE NOTIFICACIÓN, LA AUSENCIA DE CITACIÓN VÁLIDA Y LAS VIOLACIONES AL DEBIDO PROCESO DE LEY, LIMITÁNDOSE A EMITIR UNA DETERMINACIÓN CONCLUSORIA CARENTES (sic) DE FUNDAMENTOS JURÍDICOS SUFICIENTES.

ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL NO EJERCER SU FUNCIÓN COMO GARANTE DE LOS DERECHOS CONSTITUCIONALES Y ESTATUTARIOS DEL IMPUTADO, AL NO EVALUARNI HACER DETERMINACIÓN ALGUNA SOBRE SUFICIENCIA DE LAS ALEGADAS JUSTIFICACIONES DEL MINISTERIO PÚBLICO PARA CELEBRAR LA VISTA DE REGLA 6 EN ALZADA EN AUSENCIA DEL PETICIONARIO, SEGÚN REQUIERE PUEBLO V. RIVERA MARTELL, 173 DPR 601 (2008).

Por su parte, el 26 de mayo de 2026 la Oficina del Procurador General compareció en representación del Pueblo de Puerto Rico y expuso las razones que a su entender ameritaban la denegatoria a la expedición del auto. Ese mismo día, dicha parte presentó la regrabación de la vista de determinación de causa para arresto en alzada, con la cual los integrantes de este Tribunal pudieron escuchar los testimonios del teniente Luis Hernández Belgodere y del agente Luis Ortíz Valentín respecto a las gestiones conducentes

para citar al aquí peticionario para la vista de causa para arresto en alzada.

-III-

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al. v. BBVAPR,* 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005). Distinto al recurso de apelación, el tribunal revisor tiene la facultad de expedir el recurso de manera discrecional, por tratarse de ordinario de asuntos interlocutorios. Sin embargo, nuestra discreción debe ejercerse de manera razonable, procurando siempre lograr una solución justiciera. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008); *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 40 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, 215 DPR __ (2025), establece los criterios a examinar para ejercer nuestra discreción, al disponer lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

La denegación de una petición de expedición del auto de *certiorari* no impide a la parte afectada reproducir su planteamiento en apelación. *Torres Martínez, supra.*

-IV-

Considerados los criterios de la Regla 40, *supra,* concluimos denegar el auto solicitado. Escuchada la parte pertinente de la regrabación de la vista de causa probable para arresto en alzada, y considerados los escritos de las partes, no procede nuestra intervención en este momento con lo decidido por el foro primario.[3] Cabe destacar que de culminar adversamente el proceso incoado en su contra, el peticionario estará en libertad de reproducir sus planteamientos de error en apelación, por lo que tampoco estamos ante una situación en la que se requiera nuestra intervención para evitar un fracaso de la justicia.

-V-

Por los fundamentos antes expuestos, se deniega el auto de *certiorari* solicitado.

Notifíquese inmediatamente.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] Toda vez que el efecto práctico de lo solicitado por el peticionario es la desestimación de los cargos en su contra, llamamos la atención a lo dispuesto en *Pueblo v. Jiménez Cruz,* 145 DPR 803 (1998). Véase también voto de conformidad emitido por el Juez Asociado Candelario López, al cual se unieron el Juez Asociado Martínez Torres, la Jueza Asociada Pabón Charneco, el Juez Asociado Kolthoff Caraballo y el Juez Asociado Feliberti Cintrón en Resolución del Tribunal Supremo de Puerto Rico de 12 de mayo de 2026 en *Pueblo de Puerto Rico v. Hiram Echevarría Ríos,* 2026 TSPR 57, 218 DPR____.